IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **COLUMBUS, GEORGIA,**<br><br>        Plaintiff,<br><br>v.<br><br>**HOTELS.COM, L.P.,**<br><br>        Defendant. | Civil Action 4:11-CV-105 (HL) |

## ORDER

Defendant removed this matter from the Superior Court of Muscogee County on August 1, 2011, alleging diversity as the basis for federal jurisdiction. It is the third time Defendant has attempted removal. The case is now before the Court on Plaintiff's Motion to Remand (Doc. 5). For the reasons discussed herein, the Motion is granted. Defendant's Motion for Hearing (Doc. 15) is denied.

Because of the Court's history with this matter, a little background refresher is appropriate.[1] Plaintiff originally filed a complaint against Defendant on June 7, 2006 in the the Superior Court of Muscogee County. Defendant removed the case to this Court on July July 12, 2006. Columbus, Ga. v. Hotels.com, Inc., Case No. 4:06-cv-80-HL. Plaintiff subsequently moved to remand the case. The Court determined that the amount in controversy requirement for diversity jurisdiction was not satisfied, and remanded the matter on May 24, 2007. Id. at Doc. 26.

---

[1] The Court appreciates that counsel have toned down their filings from their two previous appearances, and for the most part stick to the facts and law.

The case bounced around in the Superior Court for approximately six months before Defendant removed the case on November 5, 2007, again alleging diversity jurisdiction. Columbus, Ga. v. Hotels.com, L.P., Case No. 4:07-cv-166-HL. Plaintiff once more moved to remand the case. The Court again found that the amount in controversy requirement was not satisfied, and remanded the case to the Superior Court on July 30, 2008. Id. at Doc. 20.

Three years passed before Defendant decided to take this third shot at removing the the case. Defendant contends that it first learned on July 21, 2011, through Plaintiff's filing filing of its First Amended and Recast Complaint and submission of its claimed attorney's attorney's fees and expenses, that Plaintiff is claiming attorney's fees and expenses in an an amount that exceeds the jurisdictional threshold.[2]

Plaintiff, not surprisingly, has asked that the case be remanded, not because the amount in controversy has not been met, but because Defendant did not timely remove the matter.

Section 1446(b) of Title 28 of the United States Code provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then

---

[2] The amount of attorney's fees and expenses now claimed by Plaintiff has been filed under seal. The parties are well aware of the amount claimed, as is the Court, and all are aware that the amount now far exceeds $75,000. There is no reason for the Court to divulge the amount in this Order, as the amount in controversy is no longer at issue.

> then been filed in court and is not required to be served on the the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

Removal statutes are construed narrowly. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "Where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id.

Plaintiff contends that remand is required because more than one year has passed since the commencement of the case. As Plaintiff notes, the initial complaint was filed on June 7, 2006, which means the one year period long ago expired.

In light of the requirement that removal statutes be narrowly construed, § 1446's one year limitation must be strictly applied. "Timely objection to a late petition for removal will therefore result in remand." Webster v. Dow United Techs. Composite Prods., Inc., 925 F.Supp. 727, 729 (M.D. Ala. 1996) (citation omitted). The Supreme Court in Caterpillar Inc. v. Lewis, 519 U.S. 61, 117 S.Ct. 467 (1996), used absolute language when discussing the removal statute and the one year bar.

> When a plaintiff filed in state court a civil action over which the the federal district courts would have original jurisdiction based based on diversity of citizenship, the defendant or defendants defendants may remove the action to federal court, 28 U.S.C. § U.S.C. § 1441(a), provided that no defendant "is a citizen of the

> the State in which such action is brought," § 1446(b). In a case case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements - for example, example, by reason of the dismissal of a nondiverse party - may remove the case to federal court within 30 days of receiving such information. § 1446(b). No case, however, may may be removed from state to federal court based on diversity diversity of citizenship "more than 1 year after commencement commencement of the action." *Ibid.*

Id. at 68-69 (footnote omitted).

In its report regarding the proposed amendment to the removal statute to add the one year limitation, the House Committee on the Judiciary reported:

> Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption.

H.R. Rep. No. 100-889, at 44 (1988), *reprinted in* 1998 U.S.C.C.A.N. 5982, 6032-33.

Finally, the Eleventh Circuit stated in *dicta* in Burns, 31 F.3d at 1097 n. 12 (1994), with regard to the one year limitation:

> The Commentary to the 1988 Revisions of 28 U.S.C. § 1446(b) 1446(b) shows that congress knew when it passed the one year bar on removal that some plaintiffs would attempt to defeat diversity by fraudulently (and temporarily) joining a non-

> non-diverse party. In that case, as long as there is some possibility that a non-diverse joined party could be liable in the the action, there is no federal jurisdiction. But, under section 1446(b), if, after one year, the plaintiff dismisses the non-non-diverse defendant, the defendant cannot remove. So, a plaintiff could defeat jurisdiction by joining a non-diverse party party and dismissing him after the deadline. Congress has recognized and accepted that, in some circumstances, plaintiff plaintiff can and will intentionally avoid federal jurisdiction.

Id. at 1097 n. 12.

Defendant acknowledges that the third removal notice was filed after the expiration of the one year period. However, Defendant argues that the one year limitations period is procedural, not jurisdictional, which means the Court cannot *sua sponte* remand the untimely removal. Defendants contend that because the one year period is not a jurisdictional bar, the Court is not mandated to remand the case.

The Court agrees that an untimely removal is a procedural defect, not a jurisdictional jurisdictional one. *See* Moore v. N. Am. Sports, Inc., 623 F.3d 1325, 1329 (11th Cir. 2010); 2010); Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751-52 (11th Cir. 2010); In re Uniroyal Goodrich Tire Co., 104 F.3d 322, 324 (11th Cir. 1997) ("The untimeliness of a removal is a procedural, instead of a jurisdictional, defect.") The Eleventh Circuit in Loftin v. Loftin v. Rush held that remand is not required in all cases where a removal petition is untimely. 767 F.2d 800, 805 (11th Cir. 1985), *abrogated by* Ariail Drug Co., Inc. v. Recomm Recomm Intern. Display, Inc., 122 F.3d 930 (11th Cir. 1997). "The time limitation for removal is not jurisdictional but rather is modal or formal and may be waived." Id. at 804. 804. However, the Loftin court also noted that absent waiver of the timeliness objection, in in most cases the district court is required to remand the case. Id. at 805. Here, there is a

a clear defect in the removal process, and Plaintiff has not waived its objection to Defendant's untimely removal. A remand would not be *sua sponte* by the Court, which is is not allowed under these circumstances, but rather would be based on Plaintiff's motion. motion.

Defendant, however, argues that Plaintiff should be equitably estopped from invoking the one year bar. Relying on the Fifth Circuit case of Tedford v. Warner-Lambert Warner-Lambert Co., 327 F.3d 423, 426 (5th Cir. 2003), Defendant states that Plaintiff's attempts to manipulate the forum by improperly concealing the removability of this case until after the end of the one year period justifies application of an equitable exception in the the form of estoppel. The Eleventh Circuit has not adopted the equitable exception approach, and this Court is not inclined to adopt it at this time either.[3] As stated by Chief Chief Judge Edgar in Jones Management Services, LLC v. KES, Inc., 296 F.Supp.2d 892 892 (E.D. Tenn. 2003), a case in which the defendants asked the court to recognize the Tedford equitable exception, "[t]he statute says what it says. Any attempt to read into the the statute an 'equitable' exception amounts to judicial legerdemain." Id. at 894. The Court Court tends to agree with Judge O'Kelley in the Northern District of Georgia, who wrote that that "[i]t is for Congress, rather than the courts, to decide whether to change the policy allowing a plaintiff to avoid federal jurisdiction by amending his claim and seeking damages damages over the jurisdictional amount after one year from the date he filed suit." Graham Graham Comm. Realty, Inc. v. Shamsi, 75 F.Supp.2d 1371, 1373 (N.D. Ga. 1998) (citing

---

[3] A review of the case law shows that no Georgia district court has even cited Tedford.

(citing Burns, 31 F.3d at 1094 n. 4, 1097 n. 12). The Court declines to read an equitable exception into the removal statute.

Defendant next argues that the one year removal bar does not apply in this case at at all because the case was initially removable. In the unreported case of Carter v. Frito-Frito-Lay, Inc., 144 Fed. App'x 815 (11th Cir. 2005), the Eleventh Circuit, citing cases from from the Eighth, Fifth, and Sixth Circuits, noted that the one year limitation period only applies to cases that were not removable to federal court when originally filed. Defendant Defendant requests that the Court revisit its two previous orders in which it found that the the case was not removable when initially filed. The Court declines to do so.[4] The one year year bar contained in the second paragraph of § 1446(b) applies to this case.[5]

As Defendant filed its notice of removal after the end of the one year period established in § 1446(b), the Court must remand this case to the Superior Court of Muscogee County under 28 U.S.C. § 1447(c) for lack of jurisdiction. Plaintiff's Motion to Remand (Doc. 5) is granted. Defendant's Motion for Hearing (Doc. 15) is denied as unnecessary. The Court will not order at this time that Defendant will not be allowed to

---

[4] The Court denies Defendant's request for limited discovery on the issue of the amount in controversy at the time the case was commenced in state court.

[5] Because this is a second paragraph removal, it is not necessary to address Defendant's argument that the notice of removal is timely under the revival exception to the thirty-day requirement of § 1446(b). The revival exception, which has not been adopted by the Eleventh Circuit, only applies to cases governed by the first paragraph of § 1446(b). See Johnson v. Heublein Inc., 227 F.3d 236, 241 (5th Cir. 2000); Rushing v. Pride Intern., Inc., No. H-11-0294, 2011 WL 3021043, * 3 n. 4 (S.D. Tex. July 22, 2011) (finding that it was unnecessary to consider the defendant's revival exception argument because the case was governed by the second paragraph of § 1446(b); Eparvier v. Fortis Ins. Co., No. 6:07-cv-1491-Orl-31GJK, 2008 WL 3367542, * 3 (M.D. Fla. Aug. 8, 2008).

remove this action again without express prior written permission, but Defendant should think hard before attempting to remove this action a fourth time. The Clerk of Court is directed to close this case.

      **SO ORDERED**, this the 14th day of September, 2011.

                                        *s/Hugh Lawson*
                                        **HUGH LAWSON, SENIOR JUDGE**

mbh